IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Minh My Thai,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>　　　　　　Respondents. | No. CV-12-1526-PHX-JAT (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, SENIOR U.S. DISTRICT JUDGE:

　　　Minh My Thai filed a timely Petition for Writ of Habeas Corpus on July 16, 2012, and an Amended Petition on October 9, 2012, challenging his convictions for three counts of third-degree burglary, one count each of unlawful use of a means of transportation and first-degree burglary, and the imposition of multiple prison terms totaling 14.5 years. He raises four grounds for habeas relief: (1) his plea was not knowing, voluntary, or intelligent because Thai speaks and understands very little English and did not understand his criminal proceedings; (2) Thai was denied the effective assistance of counsel; (3) Thai was sentenced to an aggravated term without consideration of mitigation factors, in violation of his due process rights; and (4) Thai's post-conviction counsel was ineffective. Respondents contend that all four grounds are unexhausted and procedurally defaulted. For the reasons stated below, the Court recommends that the amended petition be denied and dismissed with prejudice.

**BACKGROUND**

Thai was on probation when he was indicted for the counts which were the subject of the plea agreements in this case (Doc. 16, Exh E). Upon acceptance of the guilty pleas, the trial court found Thai in violation of the probation imposed in the earlier case number (*Id*., Exh J, K, L). The trial court imposed a presumptive term of 1.5 years for the unlawful use of a means of transportation, a sentence agreed to in the plea agreement (*Id.*, Exh N). The trial court imposed presumptive terms of 4.5 years for each of the burglary convictions, to be served concurrently with one another and with the sentence imposed for the unlawful use conviction (*Id*., Exh O). The count on which his probation was revoked was the first degree burglary conviction. On that count the trial court imposed an aggravated term of 10 years and ordered Thai to serve the sentences imposed for third-degree burglary consecutively to this sentence (*Id*., Exh P). At the change-of-plea hearing, the trial court explained to Thai that the sentence to be imposed for the probation violation would likely run consecutively to the other sentences (*Id*., Exh AA, R.T. 6/9/10 at 10).

On August 5, 2010, Thai filed a timely notice of post-conviction relief (*Id*., Exh R). Post-conviction counsel filed a notice of completion of review, indicating that she had reviewed the state court record and found no colorable claims for relief (*Id*., Exh S, T). On February 1, 2011, Thai filed a *pro per* petition, raising three claims: (1) that the interpreter at his plea negotiation told him he would receive a 4.5-year sentence, he received a total of 14.5 years, and if he had understood the plea agreement, he would not have pleaded guilty; (2) the prosecutor improperly argued that his first-degree burglary conviction for a 2001 home invasion was an aggravating factor, although it was not a historical prior conviction; and (3) trial counsel was ineffective for failing to provide an accurate translation of the plea agreement, failing to persuade the trial court to sentence him to the presumptive term for the first-degree burglary conviction, and failing to inform Thai of the sentence he would face following a guilty plea as opposed to going to trial (*Id*., Exh V).

1    On June 27, 2011, the trial court dismissed the petition. In doing so, the trial court concluded that Thai's claim that he did not understand the interpreter was not colorable because Thai avowed at the change of plea hearing that he understood the interpreter and the terms of the plea agreement. The trial court also ruled that the prosecutor's arguments were proper, that the trial court's sentencing decision was not based on any improper basis, and that Thai's vague, unspecific allegations of ineffective assistance did not present a colorable claim (*Id*., Exh X).

On July 5, 2011, Thai petitioned for review in the Arizona Court of Appeals, raising three claims. He argued that he could not understand the interpreter, and that he signed the plea agreement because the interpreter told him he would serve only 3 years. He also argued that the trial court improperly used his first-degree burglary conviction to aggravate his sentence. He argued that trial counsel was ineffective for failing to provide an accurate translation of the plea agreement, failing to persuade the trial court to sentence him to the presumptive term, and failing to inform Thai of the potential sentences from a guilty plea as opposed to a trial (*Id*., Exh Y).

On May 18, 2012, the court of appeals issued a memorandum decision denying relief. The court of appeals ruled that Thai presented "no evidence supporting his claims that he did not understand the plea agreement, that its translation or the translation at his change-of-plea hearing was faulty, or that his counsel gave him incomplete or inadequate information regarding his potential sentences" (*Id*., Exh Z at 3). The court of appeals also ruled that the record completely contradicted Thai's claim that the pleas were involuntary; the transcripts showed that Thai demonstrated that he understood the plea agreements and potential sentences he would face by pleading guilty or going to trial, and that he gave no indication that he did not understand the proceedings (*Id.* at 4). The court of appeals also noted that Thai "responded appropriately to the trial court's questions and engaged the court in a detailed discussion concerning his potential prison terms – clearly demonstrating he was aware his sentences could be consecutive if he accepted the plea agreement and he could face much lengthier sentences if he rejected it" (*Id*.). The court

1 of appeals ruled that even if counsel did not adequately explain the consequences, Thai
2 had not demonstrated any prejudice (*Id*. at 5). The court of appeals also ruled that Thai's
3 claim that the trial court improperly aggravated his sentences based on his first degree
4 burglary conviction lacked merit. It noted that the trial court properly aggravated Thai's
5 burglary sentence based upon Thai's "substantial criminal history-the existence of which
6 Thai does not dispute" (*Id*.). Finally, the court of appeals ruled that the use of Thai's
7 2002 forgery conviction to sentence him as a repetitive offender on the third degree
8 burglary counts was proper under Arizona law (*Id*. at 5-6).

## EXHAUSTION OF REMEDIES

A state prisoner must exhaust his state remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *McQueary v. Blodgett*, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust state remedies, a petitioner must fairly present his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 839-846 (1999). In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which the claim is based. *Bland v. Cal. Dep't of Corrections*, 20 F.3d 1469, 1472-73 (9th Cir. 1994), *overruled on other grounds by Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); *Tamalini v. Stewart*, 249 F.3d 895, 898 -99 (9th Cir. 2001). The exhaustion requirement will not be met where the Petitioner fails to fairly present his claims. *Roettgen*, 33 F.3d at 38.

If a petition contains claims that were never fairly presented in state court, the federal court must determine whether state remedies remain available to the petitioner. *See Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Harris v. Reed*, 489 U.S. 255, 268-270 (1989) (O'Connor, J., concurring). If remedies are available in state court, then the

- 4 -

federal court may dismiss the petition without prejudice pending the exhaustion of state remedies. *Id.* However, if the court finds that the petitioner would have no state remedy were he to return to the state court, then his claims are considered procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 298-99 (1989); *White v. Lewis*, 874 F.2d 599, 602-605 (9th Cir. 1989). The federal court may decline to consider these claims unless the petitioner can demonstrate that a miscarriage of justice would result, or establish cause for his noncompliance and actual prejudice. *See Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977); *United States v. Frady*, 456 U.S. 152, 167-68 (1982). Further, a procedural default may occur when a Petitioner raises a claim in state court, but the state court finds the claim to be defaulted on procedural grounds. *Coleman*, 501 U.S. at 730-31. In such cases, federal habeas review is precluded if the state court opinion contains a plain statement clearly and expressly relying on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *See Harris*, 489 U.S. at 260. A state procedural default ruling is "independent" unless application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Stewart v. Smith*, 536 U.S. 856 (2002). A state's application of the bar is "adequate" if it is "'strictly or regularly followed.'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 262-63 (1982)). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, just as in cases involving defaulted claims that were not fairly presented, federal habeas review of the claims is barred unless the prisoner can demonstrate a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

"Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan*, ____U.S. ____, 132 S.Ct. 1309, 1315 (2012). A prisoner may

show cause for default of an ineffective assistance claim by demonstrating that counsel at the initial-review collateral proceeding was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984), and also by demonstrating that this claim of ineffective assistance of trial counsel is a substantial one, that the claim has merit. *Martinez*, 132 S.Ct. at 1318.

## DISCUSSION

Respondents first argue that Grounds One and Two are unexhausted because although they are factually similar to claims he raised in his post-conviction petition and his petition for review, Thai did not alert the trial court or the court of appeals to the federal nature of the claims. The Court disagrees. In both his post-conviction petition and in his petition for review, Thai argued that he did not understand the interpreter, and if he had understood the plea agreement, he would not have signed it. Both the trial court and the court of appeals would have been alerted to the fact that Thai was claiming his plea was involuntary, which is a federal claim. In the same way, Thai's allegation of ineffective assistance would have alerted both the trial court and court of appeals that he was raising a sixth amendment claim. The Court will therefore consider the merits of Grounds One and Two.

In Ground One, Thai argues that his plea was not knowing, voluntary, or intelligent because he speaks and understands very little English and did not understand his criminal proceedings. A plea is voluntary if the defendant was competent to enter the plea and did so knowingly and voluntarily. *Godinez v. Moran*, 509 U.S. 389, 401 (1993). A reviewing court is required to give significant weight to a defendant's declaration in open court in determining whether a plea was knowing, voluntary and intelligent. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "[R]epresentations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id*. at 73-74. Other than his bare assertion, Thai produced no evidence in his post-conviction petition that he did not understand the plea agreement or that the translation was faulty. In addition, the transcripts from both the settlement conference

1   and the change-of-plea hearing contradict his claims.  Thai told the trial court during the
2   settlement conference that while he understood some of what the trial court said without
3   an interpreter, he preferred the use of an interpreter (Doc. 16, Exh AA, R.T. 6/9/10 at 3-
4   4).  Through the interpreter, Thai consistently indicated to the judge that he understood
5   the judge's explanation of the purpose of the settlement conference and the potential
6   sentences he faced if convicted after a trial (*Id*. at 2-15).  Thai never indicated to the trial
7   court that he had trouble understanding the proceedings.  Indeed, he made several
8   statements to the court which demonstrated his understanding regarding the potential
9   sentencing consequences, including asking whether the sentence in the probation
10  revocation case would run concurrently with the other cases, what the total time was that
11  he was looking at, that if the probation revocation sentence ran consecutively he would
12  be deported on a probation hold, that he did not want to face any more probation time,
13  that he was afraid after the prison time he would still face more prison time for the other
14  case, the range of sentence he was facing, and that he wanted "to take the plea" (*Id*. at 9,
15  11, 12).  The transcript of the change-of-plea hearing also indicates his complete
16  understanding of the plea agreement, the rights he was waiving, and the potential
17  sentences he was facing (*Id*. at 17-26).  The state court properly found that this claim
18  lacked merit.
19       In Ground Two, Thai argues that he was denied the effective assistance of counsel
20  because counsel did not properly explain the plea agreements.  Thai contends that counsel
21  told him through the interpreter that he would receive a 4.5-year sentence, but that if he
22  had known he could possibly receive the 14.5-year sentence imposed, he would not have
23  pleaded guilty.  Thai also argues that counsel was ineffective because he assured Thai
24  that his prior convictions could not be used to enhance his sentence, but at sentencing the
25  prosecutor argued for an aggravated sentence based on his substantial criminal history.
26  The claims have no merit.
27       The plea agreement stipulated that Thai would receive a 1.5-year term for the
28  unlawful use of a means of transportation conviction.  The plea agreement resolving the

three counts of burglary did not include a stipulation regarding either the length of sentence or whether the sentences would be concurrent or consecutive; it only stipulated that the sentence would be served concurrent with the 1.5-year term for unlawful use of a means of transportation. Regarding the first-degree burglary conviction, the count on which his probation was revoked, the trial court informed Thai that the sentence imposed would likely run consecutively to the terms imposed on the other counts. Thai stated at the change-of-plea hearing that he understood the terms of the plea agreements and the trial court's explanations of the potential sentences he faced. Thai's claim that he was told something entirely different is without any support in the record and without merit.

Thai's claim that counsel guaranteed that his prior convictions would not be used to enhance his sentence is also without merit. The plea agreements provided that Thai would plead guilty to unlawful use of a means of transportation with no prior conviction, and to three counts of third-degree burglary with one prior conviction. Thai indicated that he understood these terms, and the trial court imposed presumptive terms on these counts. Thai admitted to seven prior felony convictions in the plea agreements, again the terms of which he indicated he understood. The trial court used only these admitted-to felony convictions to aggravate the sentence on the first-degree burglary count. Again, Thai's claim that he was told something entirely different is without any support in the record and without merit.

In Ground Three, Thai argues that he was sentenced to an aggravated term without consideration of mitigation factors, in violation of his due process rights. This claim is unexhausted because it was never presented in any form in state court. *Roettgen*, 33 F.3d at 38. In addition, because Thai would have no state remedy were he to return to the state court, his claims are considered procedurally defaulted. *Teague.* He has not demonstrated a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

In Ground Four, Thai argues that post-conviction counsel was ineffective for failing to raise the issues that Thai raised in his *pro per* petition. This claim is

unexhausted because it was never presented in any form in state court. *Roettgen*, 33 F.3d at 38. In addition, because Thai would have no state remedy were he to return to the state court, his claims are considered procedurally defaulted. *Teague.* He has not demonstrated a miscarriage of justice or cause and actual prejudice to excuse the default. *See Coleman*, 501 U.S. at 750-51.

Finally, Thai cannot demonstrate that post-conviction counsel was ineffective, and therefore *Martinez* does not aid Thai in establishing cause and prejudice for his procedural default. Thai argues that post-conviction counsel was ineffective for failing to raise the claims he raised in his *pro se* petition. In his post-conviction petition, he raised three claims: (1) that the interpreter at his plea negotiation told him he would receive a 4.5-year sentence, he received a total of 14.5 years, and if he had understood the plea agreement, he would not have pleaded guilty; (2) the prosecutor improperly argued that his first-degree burglary conviction for a 2001 home invasion was an aggravating factor, although it was not a historical prior conviction; and (3) trial counsel was ineffective for failing to provide an accurate translation of the plea agreement, failing to persuade the trial court to sentence him to the presumptive term for the first-degree burglary conviction, and failing to inform Thai of the sentence he would face following a guilty plea as opposed to going to trial. Both the trial court and the court of appeals found the claims to be without merit. Both the trial court and the court of appeals concluded that Thai's claim of an involuntary plea was belied by the record; that the enhancement of his sentence was proper, based upon a substantial criminal history the existence of which Thai did not dispute; and that his vague, unspecific allegations of ineffective assistance did not present a colorable claim. If post-conviction counsel had raised these claims, they would have been rejected. "[T]he failure to take a futile action can never be deficient performance." *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996).

**IT IS THEREFORE RECOMMENDED** that Minh My Thai's amended petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. 6).

1 **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** either because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable, or because Thai has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 24th day of February, 2014.

_____
David K. Duncan
United States Magistrate Judge